UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MILAD KASTOUN,

           Plaintiff,

    v.

KRISTI NOEM, *et al.*,

           Defendants.

Case No. 1:25-cv-01636-CDB

ORDER DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1)

(Doc. 8)

**14-day Deadline**

Pending before the Court[1] is the motion of Defendants Kristi Noem (formerly Secretary of Homeland Security), Joseph B. Edlow (Director of United States Citizenship and Immigration Services ("USCIS")), and Terri Robinson (Director of National Benefits Center) (collectively, "Defendants") to dismiss the complaint of Plaintiff Milad Kastoun ("Plaintiff") for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), filed on March 16, 2026.  (Doc. 8). On March 24, 2026, Plaintiff filed an opposition to the motion, and on April 3, 2026, Defendants filed a reply.  (Docs. 9, 15).  Following review of the parties' filings made in connection with the motion, the Court deems the motion suitable for disposition without hearing and oral argument.

---

[1] Following all parties' expression of consent to the jurisdiction of a magistrate judge for all further proceedings in this action, including trial and entry of judgment, on March 30, 2026, this action was reassigned to the undersigned pursuant to 28 U.S.C. § 636(c)(1).  (Doc. 14).

Local Rule 230(g).  For the reasons set forth herein, the Court will deny Defendants' motion to dismiss the complaint for lack of jurisdiction.

## I.    Relevant Background

### A.    Procedural History[2]

Plaintiff initiated this action with the filing of a complaint on November 24, 2025.  (Doc. 1).  On February 10, 2026, the parties filed a stipulated request to extend time for Defendants to file a responsive pleading, representing that this case concerns Plaintiff's Form I-485 application to adjust status under the Immigration and Nationality Act ("INA") and the parties needed additional time to confer.  (Doc. 6).  The next day, for good cause shown, the Court granted the stipulated request, extended time for Defendants to file a responsive pleading to March 16, 2026, and continued the scheduling conference to April 6, 2026.  (Doc. 7).  Due to the pending motion to dismiss and the status of the case, on March 25, 2026, the Court further continued the scheduling conference to August 5, 2026.  (Doc. 11).

### B.    Factual Background of Plaintiff's Complaint

Plaintiff asserts his complaint is "in the nature of mandamus arising from Defendants' refusal to adjudicate Plaintiff's application to adjust status[.]"  (Doc. 1 at 1).  Plaintiff requests a hearing before the Court to make a determination on Plaintiff's application to adjust status, or alternatively request the Court issue a writ of mandamus compelling Defendants to adjudicate his long-delayed application to adjust status.  *Id.* at 2.

Plaintiff is a citizen of Syria and resides in Ridgecrest, California.  *Id.* ¶¶ 1, 2.  In July 2023, he filed and submitted a Form I-485 application for adjustment of status.  *Id.* ¶¶ 3, 4.  On July 25, 2024, Plaintiff timely complied with USCIS's request for evidence by providing the requested documentation.  *Id.* ¶ 5. Plaintiff alleges that since then, Defendants "have taken no action on the pending adjustment application[,]" he "has made attempts to have Defendants adjudicate his application to no avail[,]" and that he "has no other administrative remedy available to compel Defendants to act."  *Id.* ¶¶ 6, 7.  He asserts Defendants' failure to adjudicate his application "causes

---

[2] Filings are referenced herein according to their CM/ECF-designated pagination.

irreparable harm" by keeping him from accruing time toward seeking naturalization under 8 U.S.C. § 1427. *Id.* ¶ 7. Plaintiff therefore brings this action to compel USCIS to adjudicate his pending application as required by law. *Id.* ¶ 10. Plaintiff sues each Defendant in their official capacities. *Id.* ¶¶ 11-13.

In Plaintiff's first claim, he alleges that 5 U.S.C. § 555(b) of the Administrative Procedure Act ("APA") permits the Court to compel agency action unlawfully withheld or unreasonably delayed, and here, his application "has been in administrative processing beyond a reasonable time period for completing administrative processing of [his] adjustment of status application." *Id.* ¶¶ 19-21. He asserts that he has exhausted all available administrative remedies to resolve this matter, including repeatedly calling USCIS to inquire about the status of the application, and there are no alternative forms of relief available to him. *Id.* ¶ 24.

In his second claim, Plaintiff asserts a violation of his due process rights under the Fifth Amendment to the U.S. Constitution, alleging that he may seek redress for Defendants' combined failures to provide a reasonable and just framework of adjudication of his adjustment of status application. *Id.* ¶¶ 26-27. He alleges Defendants' failure has "irrevocably harmed" him in the denial of an opportunity to claim lawful permanent resident status as well as the ability to sponsor family members for residence in the United States. *Id.* ¶ 28.

In the prayer for relief, Plaintiff seeks the Court issue a writ of mandamus compelling Defendants to promptly complete all processing of his application to adjust status within 60 days, or alternatively, for the Court to adjudicate his application pursuant to the Court's declaratory judgment authority. *Id.* at 7. He further seeks the Court issue a writ of mandamus compelling Defendants to issue him a green card and to explain the cause and nature of the delay and inform him of any action they may take to accelerate processing of his application to adjust status. *Id.*

## II.   **Governing Authority**

The district court is a court of limited jurisdiction and is empowered only to hear disputes "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively

appears." *A-Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). Thus, a plaintiff carries the burden of demonstrating the Court has subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)); *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

A complaint may be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations by asserting a "facial" attack, which "accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). The court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)). The Court should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## III.    **Parties' Contentions**

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the Court lacks jurisdiction over Plaintiff's claims. First, Defendants argue that section 706(1) of the APA precludes judicial review over agency action here because any adjustment of Plaintiff's immigration status under 8 U.S.C. § 1255(a), including whether and when to adjust, is an unreviewable discretionary act. Second, Defendants argue that 8 U.S.C. § 1252(a)(2)(B)(ii) of the Immigration and Nationality Act ("INA") deprives the Court of jurisdiction over Plaintiff's challenge to the pace at which his I-485 application is being adjudicated. (Doc. 8 at 2).

Plaintiff clarifies in his opposition to Defendants' motion to dismiss that he seeks only adjudication of his pending I-485 application within a reasonable time, not for the Court to order USCIS to grant adjustment of status or issue a green card. (Doc. 9 at 3). While Plaintiff

4

acknowledges that the ultimate decision whether to grant adjustment is discretionary, he maintains that USCIS may not decline to adjudicate his properly filed application indefinitely. *Id.* at 3.

In reply, Defendants maintain their arguments that the Court lacks jurisdiction over Plaintiff's APA claims concerning the agency's pace of adjudicating Plaintiff's pending Form I-485 and the INA likewise expressly deprives the Court of jurisdiction. (Doc. 15 at 1).

**IV.    Discussion**

Under the INA, 8 US.C. § 1101 *et seq.*, certain immigrants may apply to adjust their status to that of lawful permanent resident ("LPR") through a Form I-485 application provided certain threshold requirements are met. *See* 8 U.S.C. § 1255(a). Under Section 1255(a), "[t]he status of an alien who was inspected and admitted or paroled into the United States … may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." *Id. See Dong v. Chertoff*, 513 F. Supp. 2d 1158, 1162 (N.D. Cal. 2007) (noting that Section 1255 permits a resident noncitizen to apply for LPR status); *see also Saini v. U.S. Citizenship and Immigration Servs.*, 553 F. Supp. 2d 1170, 1173 (E.D. Cal. 2008) (noting that Section 1159(b)(1) authorizes either the Secretary of Homeland Security or the Attorney General to grant LPR status to a resident noncitizen applicant "under such regulations as they prescribe").

**A.    Whether Defendants Have a Mandatory Duty to Adjudicate the Application**

1.    *Governing Authority*

The Court has subject matter jurisdiction over an APA claim under 28 U.S.C. § 1331. *Plaskett v. Wormuth*, 18 F.4th 1072, 1082 (9th Cir. 2021); *see Vaz v. Neal*, 33 F.4th 1331, 1135 (9th Cir. 2022) ("[T]he requirements for obtaining relief under the APA go to the merits, not to subject matter jurisdiction.") (citation omitted). Separately, under the Mandamus Act, "[d]istrict courts have jurisdiction 'to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Agua Caliente Tribe of Cupeno Indians of Pala*

*Rsrv. v. Sweeney*, 932 F.3d 1207, 1216 (9th Cir. 2019) (quoting 28 U.S.C. § 1361); *see Indep. Min. Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997) ("The [Mandamus Act] provides district courts with mandamus power 'to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'") (quoting 28 U.S.C. § 1361).

"The standard by which a court reviews … agency inaction is the same under both Section 706(1) of the APA and the Mandamus Act, 28 U.S.C. § 1361." *Skalka v. Kelly*, 246 F. Supp. 3d 147, 152 (D.D.C. 2017); *Vaz*, 33 F.4th at 1135 ("[M]andamus relief and relief under the APA are 'in essence' the same, when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA.") (citations omitted); *Indep. Min*, 105 F.3d at 507 (noting "the Supreme Court has constructed a claim seeking mandamus under [§ 1361], 'in essence,' as one for relief under § 706 of the APA") (citing *Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 230 n.4 (1986)). Accordingly, courts may treat the inquiry under each statute as coextensive with the other. *See, e.g., Agua Caliente*, 932 F.3d at 1216 (analyzing claims for relief under the APA and the Mandamus Act together "because the relief sought is essentially the same.").

The APA requires agencies to conclude matters "within a reasonable time," 5 U.S.C. § 555(b), and permits a court to "compel agency action unlawfully withheld or unreasonable delayed," *Id*. § 706(1). "A court can compel agency action under this section only if there is a 'specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency failed to take that action." *Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) (quoting *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63-64 (2004)). "[T]he purportedly withheld action must not only be 'discrete,' but also '*legally required*' – in the sense that the agency's legal obligation is so clearly set forth that it could traditionally have been enforced through a writ of mandamus." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010) (citing *Norton,* 542 U.S. at 63) (emphasis in original). A court may compel agency action under the APA when the agency (1) "has a clear, certain, and mandatory duty," and (2) has "unreasonably delayed in performing such duty." *Vaz*, 33 F.4th at 1136 (citations omitted).

2.    *Discussion*

Defendants argue the Court lacks jurisdiction over Plaintiff's Form I-485 application because Plaintiff has not shown that Defendants have a mandatory, non-discretionary duty to decide his adjustment of status application within any given period of time.  (Doc. 8 at 4).  Plaintiff agrees with Defendants that "the ultimate decision [for USCIS] whether to grant adjustment is discretionary" but contends that the government "still has a 'general, non-discretionary duty to process the applications [for adjustment of status] in the first instance,' and 'cannot simply refuse to exercise [its] discretion.'"  (Doc. 9 at 3) (quoting *Indep. Mining Co.*, 105 F.3d at 507 n.6).

Courts across the country, including courts within the Ninth Circuit, remain divided on the question of whether the government's statutory duty to adjudicate a resident noncitizen's I-485 adjustment of status application is a mandatory duty subject to enforcement under the APA.  *Cf. Concepcion v. Mullin*, No. 25-cv-03221-DMS-MMP, 2026 WL 1388761, at *12-13 (S.D. Cal. May 18, 2026) (rejecting government's argument that adjudication of an I-485 application does not implicate a mandatory and discrete agency action), *Gao v. Mullin*, No. 25-cv-01479-SVK, 2026 WL 948665, at *5 (N.D. Cal. Apr. 8, 2026) ("while Defendants have the discretion to grant or deny Plaintiff's I-485 Application, they have a mandatory duty to act upon it 'within a reasonable time'") (quoting 5 U.S.C. § 555(b)), *Ahrary v. Curda*, No. 2:11-cv-02992-GEB-EFB, 2012 WL 1641411, at *2 (E.D. Cal. May 9, 2012) ("Defendants have a nondiscretionary duty to adjudicate I-485 immigration status adjustment applications"), with *Khachutorov v. Britten*, 792 F. Supp. 3d 1106, 1113-14 (C.D. Cal. 2025) (finding that "government decisions regarding the pace of review of an [I-485] application are generally discretionary and therefore insulated from judicial review" under the APA).

This Court agrees with the reasoning in *Concepcion*, *Gao*, and *Ahrary* in concluding that Plaintiff's claims here challenge a discrete agency action – the adjudication of a single, identifiable adjustment of status application – that the agency is required by law to conclude consistent with § 555(b).  Finding that the APA does not foreclose judicial review here on grounds that Defendants' actions are purportedly committed to agency discretion is consistent with the Supreme Court's command to "read the exception in § 701(a)(2) quite narrowly."  *Perez Perez v. Wolf*, 943 F.3d

853, 860 (9th Cir. 2019) (quoting *Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, 586 U.S. 9, 23 (2018)).   Thus, the APA vests the Court with jurisdiction over Plaintiff's claim alleging that Defendant has unlawfully delayed and failed to act on his adjustment of status application ("First Claim for Relief").[3] *See Norton*, 542 U.S. at 64 (holding that a claim under § 706(1) "can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take.") (emphasis removed).

**B.    Whether 8 U.S.C. § 1252(a)(2)(B)(ii) Precludes Judicial Review**

1.    *Governing Authority*

Although as discussed above judicial review of Defendants' actions at issue in this case is not foreclosed under the APA on the grounds that those actions are purely discretionary, the APA otherwise does not entitle a claimant to relief if other "statutes preclude judicial review."  5 U.S.C. § 701(a)(1); *see Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 345, 351 (1984) (noting that § 701(a)(1) "withdraws" an APA cause of action "to the extent the relevant statute 'preclude[s] judicial review.'") (quoting 5 U.S.C. § 701(a)(1)).   Here, Defendants argue that 8 U.S.C. § 1252(a)(2)(B)(ii) strips this Court of jurisdiction to review the agency's actions at issue.

Section 1252 provides that "[n]otwithstanding any other provision of law … , no court shall have jurisdiction to review any discretionary action, other than granting asylum, by the Attorney General or the Secretary of Homeland Security."  8 U.S.C. § 1252(a)(2)(B)(ii)).   The Supreme Court has held that this provision "bars judicial review of decisions 'made discretionary by legislation.'"  *Bouarfa v. Mayorkas*, 604 U.S. 6, 17 (2024) (quoting *Kucana v. Holder*, 558 U.S. 233, 246–47 (2010)).

2.    *Discussion*

Like the split among courts concerning whether they have jurisdiction under the APA to consider I-485 pace-of-adjudication claims, courts remain divided as to whether Section 1252 bars claims such as those brought by Plaintiff here.  *See Concepcion*, 2026 WL 1388761, at *8 n.7

---

[3] Defendants do not raise any independent basis for dismissal of Plaintiff's "Second Claim for Relief" brought pursuant to the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

(noting that while "the Ninth Circuit has not yet addressed whether § 1252(a)(2)(B)(ii) bars jurisdiction over pace-of-adjudication claims" and that district courts within the Ninth Circuit "are divided … [a] majority of district courts to consider the question [following the U.S. Supreme Court's 2010 holding in *Kucana v. Holder*, *supra*] have found jurisdiction") (citing cases).

Defendants cite numerous decisions by courts of appeals issued in 2025 that considered the jurisdiction-stripping effect of Section 1252 in relation to I-485 application pace-of-adjudication claims.  (Doc. 8 at 6 & nn.3-4).  In reaching divergent conclusions on this issue, the courts in *Concepcion* (S.D. Cal.) and *Khachutorov* (C.D. Cal.) reviewed these opinions handed down by the Third Circuit (*Geda v. U.S. Citizenship and Immigrations Servs.*, 126 F.4th 835), the Fourth Circuit (*Kale v. Alfonso-Royals*, 139 F.4th 329), and the Eleventh Circuit (*Kanapuram v. U.S. Citizenship and Immigrations Servs*, 131 F.4th 1302).  In those three cases, the courts of appeal found that § 1252(a)(2)(B)(ii) barred  jurisdiction over the plaintiffs' pace-of-adjudication claims where the delay in USCIS's issuance of immigrant visas was the result of the agency's affirmative decision to implement a hold policy.  The courts of appeals reasoned that USCIS's delay in adjudicating the visa applications pursuant to its hold policy was "not merely a case of agency inaction," but rather, a discretionary "decision or action" made in the alternative to other decisions or actions available to the agency, such as denying the applications outright.  *See Kale*, 139 F.4th at 335; *see also Geda*, 126 F.4th at 847 ("In § 1255, Congress granted the Secretary broad discretionary authority to control the process through which it would use its discretion to adjust a noncitizen's status. The Adjudication Hold Policy is an exercise of that statutorily specified discretion, so we are jurisdictionally barred by § 1252(a)(2)(B)(ii) from reviewing Gedas' claims.").

In contrast here, Plaintiff does not challenge an affirmative "decision or action" by USCIS, but rather, the agency's wholesale inaction on his pending I-485 application.  Indeed, the Fourth Circuit in *Kale* appeared to recognize this same distinction in observing that the agency's affirmative decision to implement a hold policy that delayed disposition of the plaintiff's visa issuance there was a discretionary action and "not merely a case of agency inaction."  *Kale*, 139 F.4th at 335.  Thus, the reasoning behind the courts' decisions in *Geda*, *Kale*, and *Kanapuram* does not undermine the persuasive decisions of other judges from this Court and other courts finding

that § 1252(a)(2)(B)(ii) does not deprive the Court of jurisdiction over challenges to USCIS's delay in adjudicating I-485 applications. *E.g.*, *Asmai v. Johnson*, 182 F. Supp. 3d 1086, 1091-93 (E.D. Cal. 2016) ("Defendants are correct that 8 U.S.C. § 1252(a)(2)(B)(ii) bars the court from reviewing a final agency decision on an adjustment application. However, the statute does not prevent review of an agency's unreasonable delay in making a decision.") (citing *Kucana*, 558 U.S. at 246-57); *Saini*, 553 F. Supp. 2d at 1174-75 (same); accord *Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1069 (N.D. Cal. 2014) ("the government has a non-discretionary duty to adjudicate such a petition within a reasonable period of time.") (internal quotation and citation omitted); *Concepcion*, 2026 WL 1388761, at *11 (finding that § 1252(a)(2)(B) does not bar judicial review where "the question here is not what relief should ultimately be afforded or what exact process USCIS should follow in coming to a decision, but rather whether the agency may refuse to act altogether."); *Gao*, 2026 WL 948665, at *4 ("Simply put, although Defendants have discretion as to whether to grant or deny particular applications for immigration benefits, they do not have discretion to indefinitely ... delay ... adjudication of such applications.") (internal quotation and citation omitted) (ellipses in original); *Soneji v. Dep't of Homeland Sec.*, 525 F. Supp. 2d 1151, 1153-54 (N.D. Cal. 2007) ("In the present case, there has been no action taken by USCIS. Thus, as there has been no 'judgment, decision, or action' by the government, § 1252 is inapplicable and is therefore not a bar to jurisdiction.").

Nor does Defendants' citation to the Ninth Circuit's opinion in *Zia v. Garland* (112 F.4th 1194, 9th Cir. 2024) affect the Court's analysis of the operation of § 1252 here. In *Zia*, the Court addressed whether it had jurisdiction to review a decision by USCIS to deny the petitioner's application for a hardship waiver from the filing requirements for seeking adjustment of the conditional basis of his resident status. *Id.* at 1198. The noncitizen applicant challenged USCIS's action before an immigration judge and, thereafter, the Board of Immigrations Appeals after he was placed in removal proceedings. *Id.* at 1198-99. Thus, the Ninth Circuit's holding that § 1252 prevented it from exercising jurisdiction over the claims was based on the fact that it was called upon to review an affirmative "decision or action" by USCIS – specifically, the agency's denial of petitioner's application. Accordingly, the Ninth Circuit's reasoning that it "read[s] 'any other

10

decision or action' expansively to cover all determinations made in support of a grant of discretionary relief under subsection [1252(a)(2)(B)] (ii)" does not help Defendants here.

Accordingly, Defendants' motion to dismiss pursuant to Rule 12(b)(1) will be denied.

**V.**    **Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Defendants' motion to dismiss Plaintiff's complaint for lack of jurisdiction (Doc. 8) is DENIED; and

2.    Defendants SHALL FILE an answer to the complaint within 14 days of service of this order.  *See* Fed. R. Civ. P. 12(a)(4)(A).

IT IS SO ORDERED.

Dated:    **June 17, 2026**    _____

UNITED STATES MAGISTRATE JUDGE

11