UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILAD KASTOUN, | Case No. 1:25-cv-01636-CDB |
| Plaintiff, | ORDER ON STIPULATION EXTENDING *NUNC PRO TUNC* TIME FOR DEFENDANTS TO RESPOND TO PLAINTIFF'S COMPLAINT |
| v. | |
| KRISTI NOEM, *et al.*, | (Doc. 17) |
| Defendants. | ORDER CONTINUING AUGUST 5, 2026, SCHEDULING CONFERENCE |
| | (Doc. 11) |

Plaintiff Milad Kastoun ("Plaintiff") initiated this action with the filing of a complaint on November 24, 2025. (Doc. 1). On June 17, 2026, the Court denied the motion of Defendants Kristi Noem (formerly Secretary of Homeland Security), Joseph B. Edlow (Director of United States Citizenship and Immigration Services ("USCIS")), and Terri Robinson (Director of National Benefits Center) (collectively, "Defendants") to dismiss the complaint for lack of jurisdiction. (Doc. 16). Defendants were ordered to file an answer to the complaint within 14 days of service of the order (*e.g.*, no later than July 1, 2026). *Id.* at 11.

Pending before the Court is the parties' stipulated request, filed on July 1, 2026, to extend the time for Defendants to respond to Plaintiff's complaint from July 1, 2026, to August 31, 2026. (Doc. 17). In support, the parties represent that in the interest of advancing the adjudication of Plaintiff's subject adjustment application, Defendant USCIS agrees to schedule

an interview for Plaintiff to occur within the next 21 days and to take the next adjudicative step within 21 days after the interview. *Id.* at 1. The parties represent that based on this status and in order to allow the adjudicative process to proceed, the parties jointly stipulate to extend the time for Defendants to file a responsive pleading and request the Court to similarly extend any other deadlines and proceedings. *Id.* at 1-2.

Requests for extensions of time in the Eastern District of California are governed by Local Rule 144, which provides: "Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent." L.R. 144(d). That rule further provides, "Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." *Id.*

While the Court finds good cause to grant the parties' request based on the representations that Defendants intend to advance the adjudication of the subject adjustment application, here, it should have become apparent to Defendants that it required an extension of time to file a responsive pleading before the July 1, 2026, deadline.

Separately, the parties failed to include in their stipulation a proposed order and to provide an editable copy of their proposed order to chambers of the undersigned, in violation of the Local Rules. *See* Local Rule 137(b), 143. The parties are admonished to refamiliarize themselves and comply with the Local Rules of this Court in all future filings.

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants SHALL FILE their response to Plaintiff's complaint no later than **August 31, 2026**. *See* L.R. 144(a).

2.  The scheduling conference set for August 5, 2026 (Doc. 11), is CONTINUED to **September 16, 2026, at 9:30 AM.** As previously directed (Docs. 3, 11), the parties shall file a joint scheduling report at least one week prior to the conference.

IT IS SO ORDERED.

Dated:    **July 2, 2026**    _____
                                    UNITED STATES MAGISTRATE JUDGE

3